IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2004 Session

## JAMES BURNS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County
Nos. 15939 Charles Lee, Judge**

_____

**No. M2004-00793-CCA-R3-PC - Filed March 29, 2005**

_____

The petitioner pled guilty to one count of second degree murder and one count of aggravated assault on February 7, 2003. The trial court sentenced him to twenty (20) years and five (5) years, respectively, for the above convictions. The petitioner filed a petition for post-conviction relief. The trial court held a hearing and stated upon the record that the petition was denied. However, a written order was never entered by the trial court. Because there is no final order from which the petitioner may appeal, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Dismissed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Merrilyn Feirman, Nashville, Tennessee and Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant James Burns.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Mike McCowen, District Attorney General, and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On February 7, 2003, the petitioner pled guilty to second degree murder and aggravated assault. The trial court sentenced him to twenty (20) years and five (5) years, respectively, for the above convictions. On January 20, 2004, the petitioner filed a petition for post-conviction relief. After the trial court appointed counsel, an amended petition was filed March 10, 2004.

A hearing was held on March 18, 2004. The petitioner testified, as did his mother and father. The State's witnesses consisted of the two attorneys who had represented the petitioner during the proceedings leading up to his guilty plea. At the conclusion of the hearing, the trial court stated its findings and denied the petitioner's petition. We have been unable to locate a written order in the technical record denying his petition. On March 24, 2004, the petitioner filed a notice of appeal in the trial court.

## ANALYSIS

The petitioner has appealed the denial of his post-conviction petition as of right under Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3 states that a defendant may appeal as of right "from a final judgment in a . . . post-conviction proceeding." Tenn. R. App. P. 3(b). Tennessee Code Annotated section 40-30-111 is entitled "Final disposition of petitions." This section reads, in part, "Upon the final disposition of every petition, the court shall enter a final order, and . . . shall set forth in the *order* or a *written memorandum* of the case all grounds presented . . . ." Tenn. Code Ann. § 40-30-111(b) (emphasis added). Tennessee Code Annotated section 40-30-116 further states, "The order granting or denying relief under the provisions of this part shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure."

In the case sub judice, the technical record does not include a final order entered by the trial court. The trial court did include its finding of fact and conclusions of law in the transcript of the hearing, but these findings were never included or referenced in a written final order by the trial court. Because there is no final judgment from which the petitioner may appeal, we are compelled to dismiss this appeal. See Tenn. R. App. P. 3(b) (stating an appeal of right lies from a judgment entered by a trial court in certain situations); State v. Howard C. Covington, No. W2001-01575-CCA-R3-CD, 2002 WL 1592704 at *3 (Tenn. Crim. App., at Jackson, July 16, 2002) (concluding that no final judgments were included in the record on appeal and this Court could not adjudicate the issues without a final judgment).

## CONCLUSION

For the reasons stated above, we dismiss the petitioner's appeal.

_____
JERRY L. SMITH, JUDGE

-2-